1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                         **DISTRICT OF NEVADA**
8    GARY HAWES,                          )
9              Plaintiff,                 )
10       v.                               )        3:16-cv-00511-RCJ-WGC
11   ISIDRO BACA et al.,                  )        **ORDER**
12             Defendants.                )
13   _____     )
14
15          This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state
16   prisoner.  On June 14, 2017, this Court issued an order dismissing the complaint with leave
     to amend and directed Plaintiff to file an amended complaint within thirty days.  (ECF No. 5
17   at 6).  The thirty-day period has now expired, and Plaintiff has not filed an amended complaint
18   or otherwise responded to the Court's order.
19          District courts have the inherent power to control their dockets and "[i]n the exercise of
20   that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.
21   *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court
22   may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure
23   to obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52,
24   53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule);  *Ferdik v. Bonzelet*, 963
25   F.2d 1258, 1260-61 (9th Cir. 1992)  (dismissal for failure to comply with an order requiring
26   amendment of complaint);  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal
27   for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of
28   address);  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for

1  failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)

2  (dismissal for lack of prosecution and failure to comply with local rules).

3       In determining whether to dismiss an action for lack of prosecution, failure to obey a

4  court order, or failure to comply with local rules, the court must consider several factors: (1)

5  the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

6  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

7  cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d

8  at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-

9  61; *Ghazali*, 46 F.3d at 53.

10      In the instant case, the Court finds that the first two factors, the public's interest in

11 expeditiously resolving this litigation and the Court's interest in managing the docket, weigh

12 in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of

13 dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in

14 filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542

15 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases

16 on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.

17 Finally, a court's warning to a party that his failure to obey the court's order will result in

18 dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

19 *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring

20 Plaintiff to file an amended complaint within thirty days expressly stated: "IT IS FURTHER

21 ORDERED that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined

22 in this order, this action shall be dismissed, with prejudice, for failure to state a claim." (ECF

23 No. 5 at 6). Thus, Plaintiff had adequate warning that dismissal would result from his

24 noncompliance with the Court's order to file an amended complaint within thirty days.

25      It is therefore ordered that this action is dismissed with prejudice based on Plaintiff's

26 failure to file an amended complaint in compliance with this Court's June 14, 2017, order and

27 for failure to state a claim.

28      It is further ordered that the motion to proceed *in forma pauperis* (ECF No. 4) is denied

1    as moot.

2    It is further ordered that the Clerk of Court shall enter judgment accordingly.

3

4    DATED: This ___ day of July, 2017.

5

6    _____
      UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3